```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                   05-CR-68 (JMR/RLE)
                    09-CV-2538 (JMR)
```

United States of America     )
                             )
         v.                  )         ORDER
                             )
David Jon Myers              )


Petitioner, David Jon Myers, seeks relief under 28 U.S.C. § 2255. His petition is denied.

I. Background

On August 25, 2005, a jury convicted petitioner and co-defendant, Ann Marguerite Crumley, of conspiracy to distribute methamphetamine, and aiding and abetting the possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846, and 18 U.S.C. § 2. Myers was also convicted of firearm possession, in violation of 18 U.S.C. § 924(c)(1).

Petitioner was sentenced to 240 months imprisonment - 180 months on Counts 1 & 2, and 60 months on Count 3. Petitioner appealed his sentence, claiming the joint trial violated his constitutional rights, and there was insufficient evidence to support his convictions. The Eighth Circuit Court of Appeals affirmed the sentence. See United States v. Crumley, 528 F.3d 1053 (8th Cir. 2008). Petitioner did not appeal the Eighth Circuit's ruling, making his conviction final on September 10, 2008.

On September 9, 2009, petitioner filed the instant motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. He claims he was convicted and sentenced for criminal conduct he did not commit, and received ineffective assistance of counsel because he was not allowed to testify at trial. Petitioner stated in his motion that the "factual and legal basis" for his claims would be filed separately. He sought a 60-day extension to file a supplemental memorandum. [Docket No. 208.] Petitioner was granted a one-month extension. To date, the Court has not received the supplemental memorandum. On June 29, 2010, the government filed its opposition to Myers' petition.

II. Discussion

    A. The Antiterrorism and Effective Death Penalty Act of 1966

Pursuant to 28 U.S.C. § 2255, a prisoner must demonstrate his sentence:

> . . . was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Section 2255 provides a remedy to "a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Issues raised on direct appeal may not be relitigated under § 2255. United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000).

The AEDPA limits the time within which a petitioner may move to vacate his sentence. Specifically, a petitioner is barred from filing a § 2255 petition more than one year after the latest of the following events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255; see Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999).

Applying this statute, Myers' § 2255 petition is barred as untimely. The AEDPA required that Myers file his petition before September 11, 2009 - one year after the date on which the judgment of conviction became final. While Myers mailed his § 2255 petition on September 9, 2009, he simultaneously asked for a stay to allow him to file a memorandum of points and authorities in support of his 2255 motion. [Docket No. 208]. The Court granted a one-month extension. Nine months have elapsed, and petitioner has failed to

3

file his supplemental memorandum. The Court, therefore, finds petitioner has abandoned his § 2255 petition. Any submission hereafter is untimely under the AEDPA.

A Court may extend the AEDPA's one-year limit when presented with extraordinary circumstances beyond petitioner's control which prevented his timely filing. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). To qualify for this extension, a petitioner must also demonstrate his "diligence in pursing the matter." Id. at 1095. Myers cites neither extraordinary circumstances, nor demonstrates his diligence in pursuing this matter. To the contrary, he has not communicated with the Court since September 9, 2009. Equitable tolling is inappropriate in these circumstances.

Although the Court concludes petitioner's filing is untimely, the Court also considers the merits of petitioner's challenges, and finds no basis to vacate the sentence.

B. Fifth Amendment

Petitioner argues his convictions violate the Fifth Amendment because he was convicted and sentenced for criminal conduct he did not commit. This claim of innocence is unavailing. The jury had sufficient evidence to support its verdict, and the verdict was sustained on appeal. Crumley, 528 F.3d at 1060. This issue may not be re-litigated on a § 2255 petition. See McGee, 201 F.3d at 1023.

Petitioner's § 2255 filing indicated a supplemental memorandum would discuss the "factual and legal basis for [the Fifth Amendment] claim." [Docket No. 207.] The Court, however, never received the supplemental memorandum. See Dardar v. Lafourche Realty Co., 985 F.2d 824, 831 (5th Cir. 1993)(inadequately briefed issues are deemed abandoned). Accordingly, there is absolutely no evidence upon which this Court could conclude petitioner is actually innocent.

C. Ineffective Assistance of Counsel

Myers claims his attorney was ineffective when he allegedly refused to let him testify at trial. To succeed on this claim, petitioner must show his attorney's representation fell below an objective standard of reasonableness resulting in prejudice. Keys v. United States, 545 F.3d 644, 646 (8th Cir. 2008)(citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006)(quotations omitted).

Where petitioner's attorney offered him the opportunity to testify, reasonable assistance was provided. (See Tr. 372:23-373:23.) At trial, petitioner acknowledged his attorney told him that "if [he] wished to testify" he "certainly" could. (Tr. 373:3-6.) Petitioner, however, "decided not to testify." (Tr. 373:14-19.) Counsel clearly explained to petitioner his rights, and petitioner indicated he understood his choices.

5

In addition, petitioner cannot show that his failure to testify "rendered the trial fundamentally unfair." See Casal v. United States, No 93-3022, 1994 U.S. App. LEXIS, at *3 (8th Cir. Mar. 23, 1994). As the Eighth Circuit stated, "sufficient evidence" supports the jury's verdict, Crumley, 528 F.3d at 1067, and petitioner does not suggest how his testimony would have altered that verdict. The Court dismisses petitioner's ineffective assistance of counsel claim.

D. Certificate of Appealability

The Court considers whether a Certificate of Appealability should be issued. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). Petitioner's motion is not reasonably subject to a different outcome on appeal. Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Under 28 U.S.C. § 2253(c)(2), an appeal may issue after final order in a § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner does not demonstrate the denial of any constitutional right, and this Court declines to issue a Certificate of Appealability.

III. Conclusion

For the foregoing reasons, Myers' petition is denied. Accordingly, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied with prejudice [Docket No. 207].

2. No Certificate of Appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 2, 2010

s/ James M. Rosenbaum  
JAMES M. ROSENBAUM  
United States District Judge